J-S05022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES PAUL FINNECY | : | |
| | : | |
| Appellee | : | No. 998 WDA 2018 |

Appeal from the PCRA Order Entered June 19, 2018
in the Court of Common Pleas of Venango County
Criminal Division at No(s): CP-61-CR-0000498-2013
CP-61-CR-0000688-2009

BEFORE:   PANELLA, P.J., NICHOLS, J. and STRASSBURGER, J.*

DISSENTING MEMORANDUM BY STRASSBURGER, J.:

FILED: April 17, 2019

Because I believe the Majority errs in holding that Appellant has a "history of present or past violent behavior," 61 Pa.C.S. § 4503(1), based upon a single conviction for a non-enumerated crime of violence, I respectfully dissent.

The PCRA court held, and the Majority affirms, that Appellant is not eligible for RRRI because he has a "history of present or past violent behavior" based upon one prior conviction for resisting arrest. I acknowledge that on Finnecy's direct appeal, I agreed with the Majority that Appellant's conviction for resisting arrest rendered him ineligible for the RRRI program. ***See Commonwealth v. Finnecy***, 135 A.3d 1028, 1038 (Pa. Super. 2016)

*Retired Senior Judge assigned to the Superior Court.

(Strassburger, J., concurring). However, since then, our Supreme Court decided **Commonwealth v. Cullen-Doyle**, 164 A.3d 1239, 1244 (Pa. 2017) (holding that a "single, present conviction for a violent crime does not constitute a history of violent behavior").

I am not convinced that the holding on Finnercy's direct appeal has the same vitality after **Cullen-Doyle**. I still agree that resisting arrest is a crime of violence within the meaning of the RRRI statute, and nothing in **Cullen-Doyle** affects that analysis. **See Finnercy**, 135 A.3d at 1037 (holding, on Finnecy's direct appeal, that the crime of resisting arrest is a crime of violence). But based upon **Cullen-Doyle**, I question whether one conviction for resisting arrest constitutes a history of present or past violent behavior within the meaning of the RRRI statute.

The specific holding of **Cullen-Doyle** - that a single **present** conviction does not equate to a history of violent behavior - does not govern the outcome in the instant case. **Cullen-Doyle**, 164 A.3d at 1244. Unlike **Cullen-Doyle**, the crime of violence here is not the present crime for which Appellant is being sentenced (or more accurately, re-sentenced). But I am persuaded by the reasoning in **Cullen-Doyle** that the language of the RRRI statute is ambiguous; that the word history refers to "an established record of or pattern of past or present violent behavior;" that the "Legislature sought to offer greater reform opportunities for first-time offenders than for repeat offenders;" that construing the statute broadly would disqualify too many

individuals based upon a mere "single instance of violence;" that all crimes of violence should not be *per se* disqualifying; and that the rule of lenity means the statute should be construed in favor of those seeking admission to the program. *Id.* at 1241-44. Accordingly, I would hold that when a defendant has a single prior conviction for a non-enumerated crime of violence, that single prior conviction should not, by itself, disqualify the defendant from participating in the RRRI program. Thus, in the instant case, I would hold that Appellant's sentence is illegal, and the PCRA court erred by determining that Appellant did not qualify for RRRI.